## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § § | |
| MATTHEW CARL GRIFFIN  and WILLIAM DANIEL GRIFFIN, | § § § | |
| Defendants. | § § § § § § | |

## CONSENT OF DEFENDANT MATTHEW CARL GRIFFIN

1.      Defendant Matthew Carl Griffin ("Defendant") enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as provided herein in paragraphs 3 and 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment as to Matthew Carl Griffin in the form attached hereto (the "Judgment") and incorporated by reference herein, which permanently enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

3.      Defendant agrees that the Court shall order a civil penalty pursuant to Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

U.S.C. § 78u(d)(3)]. Defendant further agrees i) that the amount of the civil penalty and ii)

whether it is appropriate for the Court to order disgorgement of ill-gotten gains flowing to

Defendant from the conduct described in the complaint, shall be determined by the Court upon

motion of the Commission, and that, if disgorgement is ordered,  prejudgment interest shall be

calculated from July 1, 2014, based on the rate of interest used by the Internal Revenue Service

for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant

further agrees that in connection with the Commission's motion for disgorgement and to quantify

the civil penalty, and at any hearing held on such a motion: (a) Defendant will be precluded from

arguing that he did not violate the federal securities laws as alleged in the Complaint; (b)

Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the

purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true

by the Court; and (d) the Court may determine the issues raised in the motion on the basis of

affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and to quantify the civil penalty, the parties may take discovery, including

discovery from appropriate non-parties.

4.      Defendant acknowledges that the civil penalty paid pursuant to the Judgment may

be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act

of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall

be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment,

regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8.  Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.  Defendant agrees that this Consent shall be incorporated into the Judgment and any amended, or final judgments entered against Defendant, with the same force and effect as if fully set forth therein.

10.  Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.  Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

12.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the non-monetary claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee,

agent, or representative of the Commission with regard to any criminal liability that may have

arisen or may arise from the facts underlying this action or immunity from any such criminal

liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this

proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further

acknowledges that the Court's entry of a permanent injunction may have collateral consequences

under federal or state law and the rules and regulations of self-regulatory organizations, licensing

boards, and other regulatory organizations.  Such collateral consequences include, but are not

limited to, a statutory disqualification with respect to membership or participation in, or

association with a member of, a self-regulatory organization.  This statutory disqualification has

consequences that are separate from any sanction imposed in an administrative proceeding.  In

addition, in any disciplinary proceeding before the Commission based on the entry of the

injunction in this action, Defendant understands that he shall not be permitted to contest the

factual allegations of the Complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the Complaint or creating the impression that the

Complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admissions of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered into in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced or conducted by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail, e-mail, or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iii) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated:   9/9/16

Matthew Carl Griffin

On   9   , 2016, September   , a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

SHAWNA L MITCHELL
Notary Public, State of Texas
Notary ID# 12410930-2
My Commission Expires
January 5, 2020

Notary Public
Commission expires:

*SEC v. Matthew Carl Griffin and William Daniel Griffin*
**Consent of Defendant William Daniel Griffin**
**Page 7**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2016, I caused the foregoing Consent of Defendant Matthew Carl Griffin to be served on those persons and/or parties listed below and by causing a true and correct copy thereof to be deposited in an authorized U.S. Mail depository at Fort Worth, Texas, with first class postage prepaid and addressed to:

William Daniel Griffin
Matthew Carl Griffin
Payson Petroleum, Inc.
2652 FM 407E, Suite 250
Bartonville, Texas 76226

*/s/ Janie L. Frank*
Janie L. Frank