# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § § v. § § MATTHEW CARL GRIFFIN and § WILLIAM DANIEL GRIFFIN § § | CIVIL ACTION NO. 4:16-CV-902 JUDGE MAZZANT |

## FINAL JUDGMENT

Defendants Matthew Carl Griffin and William Daniel Griffin entered into a partial settlement with Plaintiff Securities and Exchange Commission (the "SEC")—consenting to the entry of interlocutory judgments against them (the "Interlocutory Judgments"), without admitting or denying the allegations of the Complaint, which the Court has entered (Dkt. #5; Dkt. #6). Among other things, the Interlocutory Judgments permanently enjoin Defendants from violating certain provisions of the federal securities laws. The Interlocutory Judgments remain in effect.

The Interlocutory Judgments left for later determination by the Court—on motion of the SEC—the issue of what monetary relief should be ordered against Defendants. The SEC has now properly moved the Court to resolve that issue. After considering the SEC's Complaint, its motion for monetary remedies and for final judgment, and all other relevant filings, the Court has, by separate order, granted the SEC's motion.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are liable, jointly and severally, for disgorgement of $6,987,965.38, representing the proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon of $499,465.63, for a total of $7,487,431.01.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are each separately liable for a civil penalty of $100,000, pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act").

Defendants will satisfy this obligation by paying $7,487,431.01, the amount owed jointly and severally, in addition to the $100,000 Defendants each owe individually, to the SEC within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions on request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which will be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and which will be accompanied by a letter identifying the case title, civil action number, name of this Court, and name of the defendants in this action. The letter will also specify that payment is made pursuant to this Final Judgment. The SEC will send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants will pay post- judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court will retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED**.

SIGNED this 9th day of October, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE